**Peggy WATSON, as a parent of a disabled student, Plaintiff–Appellant,**

v.

**KINGSTON CITY SCHOOL DISTRICT, Defendant–Appellee.**

Docket No. 04–4404.

United States Court of Appeals, Second Circuit.

July 25, 2005.

Rosalee Charpentier, Family Advocates, Inc., Kingston, N.Y. (on submission), for Appellant.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, N.Y. (on submission), for Appellees.

PRESENT: JACOBS, B.D. PARKER,

Circuit Judges. and GLEESON * District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff–Appellant Peggy Watson appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) granting summary judgment in favor of the Kingston City School District and dismissing her complaint, which alleged that the District failed to provide her learning disabled son, Ben, with an appropriate education in violation of the Individuals with Disabilities in Education Act ("IDEA"). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998).

"The IDEA offers federal funds to states that develop plans to assure 'all children with disabilities' a 'free appropriate public education.' " *Grim v. Rhinebeck Cent. Sch. Dist.,* 346 F.3d 377, 379 (2d Cir.2003) (quoting 20 U.S.C. § 1412(a)(1)(A)). School districts must administer specialized services to disabled students according to an " 'individualized education program' ('IEP'), which school districts must implement each year for each student with a disability." *Id.* (citing 20 U.S.C. § 1414). Disabled students are entitled to IEPs that: (1) comply with IDEA's procedural mandates, and (2) provide the meaningful education contemplated by IDEA. *Bd. of Educ. v. Rowley,* 458 U.S. 176, 199, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).

Watson argues that the 2001–2002 IEP developed by the District for Ben was both substantively inappropriate and procedurally defective and on that basis contests a state review officer's ("SRO") determination approving the IEP. In reviewing the SRO's determination, we "must give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Grim,* 346 F.3d at 380–81.

Watson alleges that the IEP was substantively inappropriate because: (1) it did not implement the recommendations of two private education experts, and (2) because, according to Watson, a private school education would provide Ben with an appropriate education. Watson's claim lacks merit. That privately hired experts recommended different teaching methodologies for Ben does not undermine the deference the Court must pay to the District. As this Court held in *Grim,* it is inappropriate to choose between views of "conflicting experts on a controversial issue of educational policy ... in direct contradiction of the opinions of state administrative officers who had heard the same evidence." 346 F.3d at 383. Moreover, the District is simply "not required to furnish[ ] ... every special service necessary to maximize each handicapped child's potential." *Grim,* 346 F.3d at 379 (internal

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

quotation marks omitted). In short, the 2001–2002 IEP provided the "basic floor of opportunity" required by the IDEA. *See id.* (quoting *Rowley*, 458 U.S. at 201, 102 S.Ct. 3034).

Watson also raises procedural objections to the IEP. For example, Watson asserts that the District's failure to update the goals and objectives listed in the 2001–2002 IEP from that of the previous year rendered the IEP defective. In *Grim*, this Court rejected an almost identical procedural challenge (which was coupled with a procedural challenge to the school's delay in developing the IEPs at issue), holding that "the sufficiency of goals and strategies in an IEP is precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers." *Grim*, 346 F.3d at 382. Moreover, as the district court found, the procedural defects alleged by Watson are minor and do not warrant IDEA relief. *Watson v. Kingston City Sch. Dist.*, 325 F.Supp.2d 141, 145 (N.D.N.Y.2004) (citing *Grim*, 346 F.3d at 381 ("[Not every] procedural error in the development of an IEP renders that IEP legally inadequate under the IDEA.")).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**